UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No.  09 CR 05 |
| v. ) | |
| ) | Honorable Virginia M. Kendall |
| CHARLES G. MARTIN and ) | |
| JOHN E. WALSH ) | |

PROTECTIVE ORDER DIRECTING THE INTERLOCUTORY
SALE OF CERTAIN PROPERTY

This matter coming before the Court on the government's motion for entry of a protective order directing the interlocutory sale of certain property pursuant to the provisions of Title 21, United States Code, Section 853(e)(1)(A), as incorporated by Title 28, United States Code, Section 2461(c), and the Court being fully advised finds as follows:

(a) On August 17, 2009, the United States filed an information charging defendants CHARLES G. MARTIN and JOHN E. WALSH with, *inter alia*, wire fraud in violation of Title 18, United States Code, Section 1343 (hereinafter, the "information").

(b) The information seeks forfeiture to the United States of all right, title and interest of defendants CHARLES G. MARTIN and JOHN E. WALSH in property, real or personal, which constitutes and/or is derived from proceeds traceable to the charged wire fraud offenses pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), including but not limited to funds in the amount of $10,000,000, and ceratin categories of property, to include motor vehicles.

(c) Prior to filing the information, the government presented applications to the Court demonstrating probable cause to believe that certain vehicles were, in fact, traceable to proceeds derived from wire fraud and therefore subject to forfeiture.  The Court granted the government's

applications for warrants to seize for the following vehicles, which were, in fact, seized by the United States:

- A 2007 Mercedes Benz ML320 bearing vehicle identification number ("VIN") 4JGBB22E87A233986;
- A 2007 Acura TSX bearing VIN: JH4CL96937C005585
- A 2007 BMW 530XI bearing VIN: WBANF73547CU24985
- A 2006 BMW 325i bearing VIN: WBAVB13586PS65825
- A 2007 Mercedes Benz CLK350 bearing VIN: WDBTK56F17T081890

(These motor vehicles are hereinafter referred to collectively as the "Seized Vehicles.")

(d) Because the Seized Vehicles are depreciating assets that are and will continue to decrease in value while storage and maintenance costs levied against their value to accrue, the potential equity in the Seized Vehicles available to satisfy a forfeiture judgment will diminish if the Seized Vehicles are not sold pursuant to an interlocutory sale order. The United States therefore requests action by this Court to preserve the value of the Seized Vehicles, so that, upon entry of a judgment of forfeiture, the United States will be able to satisfy that judgment.

(e) Pursuant to Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c), this Court has jurisdiction to enter orders or to take other action to preserve and to protect property to insure that the property or its equity will be available for forfeiture in the event of conviction.

(f) Title 21, United States Code, Section 853(e)(1) provides in pertinent part:

> Upon application of the United States, the Court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture under this section -
>
> (A) upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter

> for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section.

(g)     Accordingly, in order to preserve the availability of the equity in the Seized Vehicles subject to forfeiture, the United States requests that this Court enter a protective order directing the interlocutory sale of the Seized Vehicles by the United States Marshal, and that the proceeds from the sale, after payment of certain verifiable costs, be retained in an escrow account maintained by the United States Marshal, pending further order of this Court.

(h)     The United States further requests this action because failure to take the proposed action will result in continued economic damage to the value of the Seized Vehicles and jeopardize the availability of any equity in the Seized Vehicles for forfeiture to the United States.

(i)     The United States also requests that to the extent the United States Marshal Service has and will incur reasonable and necessary costs in connection with the sale, storage and maintenance of the Seized Vehicles, the United States Marshal Service be permitted to deduct those costs from the proceeds of the sale of the Seized Vehicles.

Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED:

1.     That the government's motion for entry of a protective order allowing the interlocutory sale of above-identified Seized Vehicles, pursuant to the provisions of Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c), is granted. The Seized Vehicles shall be sold at the direction of the United States Marshal Service; it is further ordered,

2.     That the proceeds from the sale of the Seized Vehicles, after the payment of verifiable costs, shall be retained in the Seized Assets Deposit Fund by the United States Marshal pending

further order of this Court; it is further ordered,

3. That the United States Marshal Service may incur certain costs and shall be permitted to deduct from the proceeds of the sale of the Seized Vehicles, any reasonable and necessary costs incurred to effectuate the sale of the Seized Vehicles to maintain the Seized Vehicles, if any, pending sale; it is further ordered,

4. That this Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this protective order directing the interlocutory sale of the above-identified property.

_____
VIRGINIA M. KENDALL
United States District Judge

DATED: September 15, 2009