

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 09 CR 05 |
| v. | ) | |
| | ) | Honorable Virginia M. Kendall |
| CHARLES G. MARTIN and | ) | |
| JOHN E. WALSH | ) | |

## PROTECTIVE ORDER DIRECTING THE INTERLOCUTORY SALE OF CERTAIN PROPERTY

This matter coming before the Court on the government's motion for entry of a protective order directing the interlocutory sale of certain property pursuant to the provisions of Title 21, United States Code, Section 853(e)(1)(A), as incorporated by Title 28, United States Code, Section 2461(c), and the Court being fully advised finds as follows:

(a) On August 17, 2009, the United States filed an information charging defendants CHARLES G. MARTIN and JOHN E. WALSH with, *inter alia*, wire fraud in violation of Title 18, United States Code, Section 1343 (hereinafter, the "information");

(b) The information seeks forfeiture to the United States of all right, title and interest of defendants CHARLES G. MARTIN and JOHN E. WALSH in property, real or personal, which constitutes and/or is derived from proceeds traceable to the charged wire fraud offenses pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(c) and Title 28, United States Code, Section 2461(c), including but not limited to funds in the amount of $10,000,000, and ceratin categories of property, to include:

1. Jewelry;

2. Time pieces;

3. Motor vehicles;

4. Antique, antique replica, and other assorted furniture;

5. Central Asian carpets;

6. Assorted sports memorabilia;

7. Assorted movie memorabilia;

8. Assorted music memorabilia;

9. Musical instruments;

10. Miscellaneous electronics, to include television, cameras, etc.

11. Various bank and investment accounts;

12. Cash and cash receivables;

13. Charitable contributions;

14. Miscellaneous artwork; and

15. Gaming furniture and devises.

(c) Prior to filing the information, the government presented applications to the Court demonstrating probable cause to believe that the aforementioned property was, in fact, traceable to proceeds derived from wire fraud and therefore subject to forfeiture. In particular, on or about January 6, 2009, the Court granted the government's application to search the defendants' respective residences and to seize, *inter alia*, items representing the proceeds of the defendants' wire fraud scheme. The Court granted the government's application and pursuant to the warrants obtained by the government, investigating agents seized a number of items from defendants' residences on that date. Moreover, on or about January 28, 2009, the Court granted the government's application to seize from certain third parties additional items traceable to the defendants' wire fraud scheme. Based on the Court's authorization as outlined above, the government has seized numerous items

2

some of which are identified in that attachment hereto and are hereinafter collectively referred to as the "Seized Items";

(d) Because the value of the Seized Items may decrease in value and the costs to store and maintain the Seized Items will continue to accrue, the potential equity available to satisfy a prospective forfeiture judgment will be diminished if the Seized Items are not sold pursuant to an interlocutory sale order. To date, the United States Marshal Service has incurred expenses associated with the Seized Items, including storage, appraisal and moving costs. The United States requests action by this Court to preserve the value of the Seized Items so that, upon entry of a judgment of forfeiture, the United States will be able to satisfy that judgment;

(e) Pursuant to 21 U.S.C. § 853, as incorporated by 28 U.S.C. § 2461(c), this Court has jurisdiction to enter orders or to take other action to preserve and to protect property to insure that the property or its equity will be available for forfeiture in the event of conviction;

(f) Title 21, United States Code, Section 853(e)(1) provides in pertinent part:

> Upon application of the United States, the Court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture under this section -
>
> > (A) upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section.

(g) Accordingly, in order to preserve the availability of the equity in the Seized Items subject to forfeiture, the United States requests that this Court enter a protective order directing the interlocutory sale of the Seized Items by the United States Marshal, and that the proceeds from the

sale, after payment of verifiable costs identified in Paragraph (i) below, be retained in an escrow account maintained by the United States Marshal, pending further order of this Court;

(h) The requested interlocutory sale is necessary to protect the availability of the equity in the Seized Items that are subject to forfeiture. Failure to take the proposed action could result in continued economic damage to the value of the Seized Items and jeopardize the availability of any equity in the Seized Items for forfeiture to the United States;

(i) The United States also requests that to the extent the United States Marshal Service has and will incur reasonable and necessary costs in connection with the sale, storage, maintenance and transportation of the Seized Items, the United States Marshal Service be permitted to deduct those costs from the proceeds of the sale of the Seized Items.

Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED:

1. That the government's motion for entry of a protective order allowing the interlocutory sale of property described in the attachment ("Exhibit A"), pursuant to the provisions of 21 U.S.C. § 853, as incorporated by 28 U.S.C. § 2461(c), is granted. The subject property shall be sold at the direction of the United States Marshal Service; it is further ordered,

2. That, the proceeds from the sale of the subject property, after the payment of verifiable costs, shall be retained in the Seized Assets Deposit Fund by the United States Marshal pending further order of this Court; it is further ordered,

3. That, the United States Marshal Service may incur certain costs and shall be permitted to deduct from the proceeds of the sale of the subject property, any reasonable and necessary costs incurred to effectuate the sale of the property; it is further ordered,

4. That this Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this protective order directing the interlocutory sale of the above-identified property.

*[signature]*
VIRGINIA M. KENDALL
United States District Judge

DATED: 5-4-10